Frank **CARBONARO**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 20050.

United States Court of Appeals, Eighth Circuit.

July 16, 1970.

Rehearing Denied Aug. 25, 1970.

---

* Judge Carswell was a member of the panel originally deciding this case but did not participate in this decision.

William C. Erbecker, Indianapolis, Ind., for appellant; R. W. Laster, Little Rock, Ark., on the brief.

James G. Mixon, Asst. U. S. Atty., Little Rock, Ark., for appellee; W. H. Dillahunty, U. S. Atty., Little Rock, Ark., on the brief.

Before VAN OOSTERHOUT, MEHAFFY and LAY, Circuit Judges.

PER CURIAM.

This is an appeal by Frank Carbonaro, hereinafter called defendant, from order denying his 28 U.S.C.A. § 2255 motion to vacate consecutive five-year sentences imposed upon him in two cases upon acceptance of his plea of guilty in each case. The charge in one case was forgery of endorsements on United States Savings Bonds and uttering the bonds with such forged endorsements in violation of 18 U.S.C.A. § 495. The charge in the other case was conspiracy under 18 U.S.C.A. § 371 to violate § 495.

Defendant asserts that he is entitled to a reversal for the following reasons: (1) Defendant was not represented by counsel at the time of sentence and was thus denied his constitutional right to representation by counsel. (2) Defendant did not waive right to counsel at time of sentence. (3) Inadequate compliance with Rule 11, Fed.R.Crim.P. (4) The court abused its discretion in refusing to permit defendant to withdraw his guilty plea.

The court granted an evidentiary hearing at which defendant and others testified. Judge Henley, who heard the case, on October 24, 1969, filed a memorandum opinion (not reported) in which he made detailed findings of fact and properly stated the applicable law. We shall not set out the facts as set forth in Judge Henley's opinion in detail. Judge Henley determined that the defendant was represented by one of his attorneys at the time of his sentence as well as at all critical stages of the proceedings against him. He further found that the plea of guilty, entered by the defendant in each case, was knowingly, understandingly and intentionally made with knowledge on the part of the defendant of his rights and the consequences of the plea. Additionally, the court determined that the defendant's contention that Rule 11 had not been complied with lacked merit. Such findings are all supported by substantial evidence. The trial court's findings on the first three issues raised by the defendant are affirmed on the basis of Judge Henley's well-considered opinion.

The trial court did not act upon the fourth issue raised by the defendant wherein defendant asserts that if he had been represented by counsel at the sentencing he would have moved for leave to withdraw his guilty plea and that he would have received such relief. The asserted right to withdraw the guilty plea is predicated solely upon the assumption that defendant was not represented by counsel at the sentencing. We have affirmed the trial court's determination that the defendant was represented by counsel at such time. Hence, the basis upon which the right to withdraw the guilty plea is predicated has been found not to exist and likely for this reason the trial court did not reach the plea withdrawal issue. Moreover, defendant did not at any time prior to the imposi-

tion of sentence take any steps to withdraw his guilty plea nor has he submitted any pleading or proof which would entitle him to withdraw such plea. Rule 32(d), Fed.R.Crim.P., requires a motion to withdraw a guilty plea be made before sentencing but it allows the court to set aside the judgment and permit the withdrawal of the plea to "correct manifest injustice." No manifest injustice has been established.

The judgment dismissing the petition is affirmed.